UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMIL L. HEARNS, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> ROBERT CHETIRKIN, et al., : <br> : <br> Respondents. : | Civil Action No. 21-19645 (BRM) <br><br> **MEMORANDUM ORDER** |

Petitioner Jamil L. Hearns ("Petitioner"), a prisoner currently confined at East Jersey State Prison in Rahway, New Jersey, is proceeding *pro se* with an Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 9, ("Amended Petition".)) Presently before the Court is Petitioner's Motion for Stay so that he may exhaust one claim in state court (ECF No. 5), and Respondents' response not opposing said Motion (ECF No. 7). For the reasons explained in this Memorandum and Order, the Court will grant the Motion for Stay.

By way of background, Petitioner filed the instant Motion for Stay, requesting a stay of his original petition in order to exhaust an ineffective assistance of trial counsel claim, which is pending in his PCR appeal in state court. (*See* ECF No. 4.) The Court found that Petitioner's unexhausted ineffective assistance of trial counsel claim was not properly before the Court because it was not raised in his original petition. (*See* ECF No. 8.) The Court provided Petitioner with leave to file an amended petition to include the unexhausted claim and administratively terminated the Motion for Stay. (*Id.*) Petitioner has filed his Amended Petition, which includes his unexhausted claim. (ECF No. 9.) As such, the Court will now review his Motion for Stay.

In his Petition, Petitioner raises the following claims:

> GROUND ONE: Petitioner was denied his due process right to [a] fair trial

>under [the] [Fourteenth] Amend[ment] [] where prosecutor presented knowing false testimony from jailhouse informant.
>
>GROUND TWO: Petition[er] was denied his Sixth Amend[ment] right to confront the expert. Expert relied upon reports not made by him/her and made no independent investigation [of the] autopsy report.
>
>GROUND THREE: Petitioner was denied his due process right under *Brady* [*v. Maryland*, 373 U.S. 83 (1963)], and *Giglio* [*v. United States*, 405 U.S. 150 (1972)] as the prosecutor failed to disclose inducement rewards regarding its material fact witness against Petitioner.
>
>GROUND FOUR: Petitioner was denied a fair trial because the trial court failed to *sua sponte* charge self-defense, although the evidence clearly supported the charge denying Petitioner his [Sixth] Amend[ment] right to a fair trial.
>
>GROUND FIVE: Petitioner was denied his due process right to effective assistance of defense counsel during criminal proceedings and trial based upon defense counsel's abstract failure to request a specific self-defense instruction to the jury based upon the evidence presented as Petitioner testified to the incident on his [own] behalf that he acted in self-defense.

(*See* ECF No. 9, at 6-15.)

As previously explained by the Court, Petitioner motioned for a stay pursuant to *Rhines v. Weber*, 544 U.S. 273 (2005). (ECF No. 5.) Petitioner requests a stay so he can exhaust Ground Five, which is currently pending in state court. (*Id.*, Declaration in Support at ¶¶ 2, 5.) Petitioner argues that his ineffective assistance of counsel claim is meritorious "because counsel failed to request a specific jury instruction concerning self-defense." (*Id.*, Declaration in Support at ¶ 5.)

Under the Antiterrorism Effective Death Penalty Act ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984, 986-87 (3d Cir. 1993). A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts

2

empowered to hear those claims, either on direct appeal or in collateral post-conviction relief proceedings. *See*, *e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (announcing the rule "requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State").

Recognizing the complexities that face prisoners who must exhaust state remedies while complying with the one-year statute of limitations period for § 2254 habeas petitions as set out in § 2244(d)(1), the Third Circuit has held that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible way to avoid barring from federal court a petitioner who timely files a mixed petition [containing both exhausted and unexhausted claims]." *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). Indeed, the Third Circuit has stated that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Id.* at 154. The United States Supreme Court has held that a stay is "only appropriate" where the district court determines the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). A petitioner bears the burden of showing that he is entitled to a stay. *See Urcinoli v. Cathel*, 546 F.3d 269, 275 n.8 (3d Cir. 2008).

Based on the records submitted by Petitioner and Respondents it appears there are timeliness issues with Petitioner's pending PCR petition, however, Petitioner is currently appealing the timeliness issues to the Appellate Division. (*See* ECF No. 1-2, at 27-38, 38-42; *see also generally* ECF No. 7-1.) The Court has reviewed these records and cannot conclusively find Petitioner lacks good cause for his failure to exhaust. Furthermore, the Court does not find that Ground Five is "plainly meritless" or that Petitioner is employing his state litigation as a means of

3

delay. *Rhines*, 544 U.S. at 277–78. Additionally, Respondents do not oppose Petitioner's request for stay. (ECF No. 7.) The Court, therefore, finds a stay is warranted.

For the reasons stated herein, and for good cause shown;

**IT IS** on this 9th day of February 2022,

**ORDERED** Petitioner's Motion to Stay (ECF No. 5) is **GRANTED**; and it is further

**ORDERED** Petitioner shall return to this Court by filing a request to reopen this action within 30 days after exhaustion of his state law claims; and it is further

**ORDERED** that, if Petitioner should fail to comply with the deadlines set forth in this Order, this Court may vacate this Order *nunc pro tunc* and dismiss all unexhausted claims without further notice; and it is further

**ORDERED** that nothing in this Order shall be construed as a finding as to the timeliness of any additional claims that may be asserted in any future petition or amended petition, *see Mayle v. Felix*, 545 U.S. 644 (2004); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this action.

*/s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**